IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SCOTT S. HOUSE                                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION NO. 5:13cv195-DCB-MTP

SUE BUCKHALTER, *et al.*                                                                    DEFENDANTS

## ORDER

THIS MATTER is before the court *sua sponte* for case management purposes and upon plaintiff's letter [20], which the court construes as a motion to appoint counsel.

As service of process has not been obtained on all parties, the progress of this matter has been delayed. In a recent response[24] to an Order to Show Cause [22], defendant Sue Buckhalter indicated that she did not intend to challenge service of process upon her. As she is before the court and has answered, process issues relating to her are moot.

Service of process has not been obtained on defendant Benji Yarbrough, also referred to in some pleadings as Benj Yarbrough. Process was returned unexecuted by the United States Marshal's Service with a notation that Yarbrough was no longer employed at the facility at issue, the Wilkinson County Correctional Facility. See Return [15]. To assist the *pro se* plaintiff, the court directed defendants Buckhalter and Corrections Corporation of America to provide the last known address of Yarbrough. These defendants have now responded that they are unable to locate an address for Yarbrough after "an exhaustive and thorough search." If plaintiff has another address to provide where Yarbrough may be served with process, he shall provide it by April 14, 2014. Otherwise, Yarbrough may be dismissed from this matter without prejudice so that the case may proceed against the remaining parties. See Fed. R. Civ. P. 4(m).

Plaintiff's letter [20] also mentions that he would like to have counsel appointed to

represent him.  The request must be denied.

In general, there is no right to counsel in civil rights cases.  *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (stating that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel.  *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);  *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations:  (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-

examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.  It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  *See Cain*, 864 F.2d at 1242.

This court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211.  This case does not present exceptional circumstances of any type. Plaintiff's claims involve an alleged failure of defendants to provide appropriate medical treatment, a claim commonly litigated by pro se prisoners. Plaintiff's pleadings to date indicate that he is able to communicate with the court effectively.  The record further indicates that plaintiff is no longer housed at the facility where the alleged violations occurred.  Appointment of counsel is not warranted.

IT IS, THEREFORE, ORDERED that plaintiff's motion [20] for counsel is denied. Plaintiff is further ordered to provide the court with an address where Yarbrough may be served with process. If an address is not provided by April 14, 2014, this defendant may be dismissed without prejudice and without further notice.

SO ORDERED this 17th day of March, 2014.

s/ Michael T. Parker
United States Magistrate Judge
