**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**SCOTTY S. HOUSE**                                                                                  **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:13cv195-DCB-MTP**

**SUE BUCKHALTER, et al.**                                                                **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute and failure to comply with certain orders of the Court. Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b)[1], a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . . as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541-544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants 41(b) dismissal.

Plaintiff Scotty S. House, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on October 9, 2013. At the time Plaintiff filed his complaint, he was incarcerated at

---

[1]"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or nay claim against it." FED. R. CIV. PRO. 41(b).

Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Plaintiff is no longer incarcerated. On August 25, 2014, the Court entered an Order [26] setting this matter for an omnibus hearing on September 30, 2014 at 10:00 a.m. Plaintiff was warned that his failure to prepare for the hearing could result in sanctions as provided in the Federal Rules of Civil Procedure.[2]  The Order was sent to Plaintiff's address of record.[3] On September 30, 2014, at approximately 10:00 a.m., the Court called the case. Defendants appeared through counsel, but Plaintiff did not appear. An hour later, Plaintiff appeared and the Court advised all parties that the matter would be rescheduled as other previously scheduled matters were ongoing.[4]

The Court then issued another Order [27] setting an omnibus hearing for November 5, 2014 at 10:00 a.m. Again, the case was called and counsel for Defendants was present, but Plaintiff did not appear. At 11:46 a.m., the Court called this matter again and observed that Plaintiff was not present.[5] Accordingly, the Court adjourned the hearing.

The Defendants in this matter have answered Plaintiff's Complaint[6] and their counsel appeared before the Court at both omnibus hearings. The Plaintiff has twice failed to timely appear before the Court in violation of the Court's Orders [26] and [27]. Moreover, Plaintiff has not filed anything in this case since February 27, 2014.[7] Therefore, it appears that Plaintiff no longer has an interest in pursuing this matter,

---

[2]As discussed *supra*, Rule 41(b) allows the court to dismiss an action where the plaintiff has failed to prosecute or comply with any order of the court.

[3]*See* Docket Minute Entry from August 25, 2014.

[4]*See* Docket Minute Entry from September 9, 2014.

[5]*See* Docket Minute Entry from November 5, 2014.

[6]Answer [17].

[7]See Notice [21] of Change of Address.

Based on Plaintiff's conduct and the record of delay in this matter, this case may be properly dismissed under Rule 41(B). *See Hejl v. State of Texas*, 64 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff has been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

## **RECOMMENDATION**

As Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE. It is further the recommendation of the undersigned that all pending motions be dismissed as moot.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 6th day of November, 2014.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge