**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**SCOTTY S. HOUSE**                                                                 **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO: 5:13-cv-195-DCB-MTP**

**SUE BUCKHALTER, et al.**                                                       **DEFENDANTS**

<u>ORDER REMANDING CASE</u>

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of November 7, 2014 **[docket entry no. 28]**. Therein, Judge Parker recommends that the plaintiff's civil rights suit be dismissed without prejudice. Having reviewed the Report and Recommendation, the plaintiff's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Plaintiff Scotty S. House was incarcerated in the Wilkinson County Correctional Facility at the time he filed his <u>pro se</u> complaint, but was subsequently released before Judge Parker set an omnibus hearing. The hearing was set for September 30, 2014, at 10:00am, and House did not appear when his case was called. House did, however, arrive late, and Judge Parker advised him that the hearing would be reset. The omnibus hearing was reset for November 5, 2014, at 10:00am, and, once again, House did not appear. Unlike the first missed hearing, House did not arrive late.

Two days after the missed hearing, Judge Parker entered his Report and Recommendation. Based on House's two failures to make an ordered appearance, Judge Parker sua sponte invoked his authority to recommend dismissal of an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). House filed objections[1] to Judge Parker's Report and Recommendation stating that he was incarcerated at the time of the second hearing and giving notice of his change of address. The address given and the return address on the envelope appear to match that of the Jasper County Sheriff's Office. Defendant Sue Buckhalter has not responded to House's objections within the seven day window afforded her under Local Uniform Civil Rule 72(a)(3).[2]

Because the Court finds that House's absence from the rescheduled omnibus hearing would be through no fault of his own, if he was indeed incarcerated at that time, the Court finds it

---

[1] The filing date for House's objections according to the docket is November 24, 2014, which falls outside the fourteen day window to file objections prescribed by Local Uniform Civil Rule 72(a)(3). However, according to the "prison mailbox rule," "a pro se prisoner plaintiff's written objections to a magistrate's report and recommendation are timely filed if they are handed to prison officials prior to the expiration of the district court's deadline." Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). The envelope is postmarked on November 17, and it appears to bear a stamp from the clerk's office with a November 18th date. Therefore, the Court finds that House's objections, assuming arguendo that he was incarcerated, were timely filed.

[2] Nor has Buckhalter filed a notice with the Court that she does not intend to respond, which is required by the same Local Rule.

necessary to remand this case to Judge Parker for further factual development.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation is REJECTED in whole.

FURTHER ORDERED that the case is REMANDED to Magistrate Judge Parker to determine whether plaintiff was incarcerated at the time of the November 5, 2014, hearing.

SO ORDERED this the 4th day of December 2014.

                                              /s/ David Bramlette
                                             UNITED STATES DISTRICT JUDGE