IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SCOTTY S. HOUSE                                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 5:13cv195-DCB-MTP

SUE BUCKHALTER &                                                                              DEFENDANTS
CORRECTIONS CORPORATION OF AMERICA

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon the Plaintiff's failure to timely serve process on Defendant Dr. Benj Yarbrough, and following the omnibus hearing held in the case on April 14, 2015. Having reviewed the record in this matter, the undersigned recommends that Dr. Yarlbrough be dismissed from this action without prejudice.

## PROCEDURAL HISTORY

Plaintiff Scotty S. House, proceeding *pro se* and *in forma pauperis*, filed his complaint on or about September 27, 2013, pursuant to 42 U.S.C. § 1983. On November 19, 2013, the Court directed the Clerk of Court to issue summons to Dr. Benj Yarbrough, *see* Order [10], and summons issued to Dr. Yarbrough that same day. *See* Summons Issued [11]. However, the United States Marshals Service was unable to serve Dr. Yarbrough because he no longer works for Wilkinson County Correctional Facility. *See* Summons Returned [15]. On January 14, 2014, the Court directed Defendants Sue Buckhalter and Corrections Corporation of America to provide the last known address for Dr. Benj Yarbrough. *See* Order [19]; Order to Show Cause [22]. Defendants responded and informed the Court that they were unable to locate any address for Dr. Yarbrough. *See* Notice [23]; Response [24].

On March 17, 2014, the Court directed Plaintiff to provide an address where Dr. Yarbrough

1

may be served with process. *See* Order [25]. The Court advised Plaintiff that if he did not provide an address, Dr. Yarbrough may be dismissed from this matter without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff did not provide an address. On January 27, 2015, Plaintiff was provided a final opportunity to provide an address where Dr. Yarbrough may be served with process. Plaintiff was directed to provide the address by February 11, 2015, and was warned that a failure to do so would result in Dr. Yarbrough being dismissed without prejudice. *See* Order [34]. Again, Plaintiff did not provide an address.

An omnibus hearing was held in this case on April 14, 2015. *See* Omnibus Order [36]. At the hearing, Plaintiff stated that he did wish to sue Dr. Yarbrough, but that he may desire to call Dr. Yarbrough as a witness if this matter proceeds to trial.

### **LEGAL ANALYSIS**

Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m).[1] In addition, special rules govern the procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(c) states that "the officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed. R. Civ. P. 4(c)(2) ("At the request of the plaintiff ... the court may direct that service be effected by a United States marshal ... or other person or officer specially appointed by the court

---

[1]The 120-day deadline under Federal Rule of Civil Procedure 4(m) began to run on October 17, 2013, when Plaintiff's motion for leave to proceed *in forma pauperis* [2] was granted. *See* Order [5].

2

for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915..."). Thus, "[o]nce the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendant(s), 'the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants.'" *Lindsey*, 101 F.3d at 446 (citation omitted). However, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. *Verrette v. Majors*, 2008 WL 4793197, at * 2 (W.D. La. Oct. 31, 2008) (*citing Rochon*, 828 F.2d at 1110).

In this case, the Court made an attempt to serve Dr. Yarbrough at the address provided by the Plaintiff, directed Defendants to provide a current address, and twice directed the Plaintiff to provide a current address. The 120-day deadline for service expired long ago and this case has been pending for well over a year, yet Dr. Yarbrough has not been served with process. Plaintiff has been warned on at least two occasions that Dr. Yarbrough could be dismissed from this action without prejudice pursuant to Fed. R. Civ. Pro. 4(m) if he was not timely served with process. *See* Orders [25] [34].

Additionally, Plaintiff recently represented to the Court that he did not wish to wish Dr. Yarbrough in the first instance, but rather intended to call him as a witness if this matter proceeds to trial. *See* Omnibus Order [36].

### **RECOMMENDATION**

As the Plaintiff has failed to timely serve process on Dr. Benj Yarbrough in this case, and based on Plaintiff's representations at the omnibus hearing, the undersigned recommends that Dr. Yarbrough be DISMISSED WITHOUT PREJUDICE from this action pursuant to Federal Rule of Civil Procedure 4(m).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th day of April, 2015.

s/ Michael T. Parker
United States Magistrate Judge