IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SCOTTY S. HOUSE                                                                               PLAINTIFF

v.                                                             CIVIL ACTION NO. 5:13-cv-195-DCB-MTP

SUE BUCKHALTER and
CORRECTION CORPORATION OF AMERICA                                        DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [42]. Having considered the Motion [42], the record, and the applicable law, the undersigned recommends that the Motion [42] be granted and that this action be dismissed with prejudice.

## BACKGROUND

On October 9, 2013, Plaintiff Scotty S. House, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF").[1]  In his complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff asserts claims against Sue Buckhalter and Correction Corporation of America ("CCA") for the denial of adequate medical care.

According to Plaintiff, he developed a severe sinus and post-nasal drip condition, which made it difficult to breathe and speak.  Plaintiff also alleges that he suffered from chest pain and hypertension.  Plaintiff allegedly submitted several sick call requests regarding his sinus and

---

[1] Plaintiff is no longer incarcerated.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

post-nasal drip condition to Defendant Buckhalter, a nurse practitioner at WCCF, but she refused to see him. Plaintiff alleges that, due to the actions of Defendant Buckhalter, he did not see a medical provider for nearly a month. Plaintiff also alleges that he was denied his hypertension medication for two weeks. According to Plaintiff, the delay worsened his condition and he began to suffer from panic attacks due to difficulty breathing and chest pain.

Plaintiff alleges that nearly one month after his initial complaint, he was examined by Dr. Benj Yarbrough. Dr. Yarbrough allegedly recommended that Plaintiff see an ear, nose, and throat doctor, but CCA allegedly failed to schedule such an appointment for Plaintiff.[3]

Plaintiff alleges that since being released from prison in February, 2014, he has been treated by doctors at free clinics, who prescribe him medications. Plaintiff also alleges that his sinus and post-nasal drip condition necessitates surgery. As relief, Plaintiff seeks injunctive relief in the form of medical treatment paid for by Defendants, as well as money damages. Following a *Spears* hearing, during which Plaintiff clarified his claims and the Court ordered certain discovery, Defendants filed their Motion for Summary Judgment [42], arguing that they are entitled to a judgment as a matter of law. On December 28, 2015, the Court directed Plaintiff to respond to the Motion [42]. *See* Order [44]. On January 8, 2016, Plaintiff filed his Response [45], which consists of two sentences stating that Plaintiff objects to any and all motions of the Defendants, without any substantive argument or supporting materials.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that

---

[3] Plaintiff originally named Dr. Yarbrough as a defendant, but he was dismissed from this action on June 3, 2015. *See* Order [40].

there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff's allegations amount to claims against Defendants for violations of the Eighth Amendment. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838.  Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).  Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006).  Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

In support of their Motion for Summary Judgment [42], Defendants submitted a transcript of the *Spears* hearing and Plaintiff's medical records.  Plaintiff's medical records demonstrate that on June 16, 2013, Defendant Burkhalter prescribed Claritin, an antihistamine, for Plaintiff, after Plaintiff had submitted sick call requests earlier in the month. (Medical Records [42-4] at 74-79.)  Plaintiff's medical records also demonstrate that he was prescribed Norvasc, a calcium channel blocker used to treat hypertension and chest pain. ([42-2] at 73.)

On June 21, 2013, Plaintiff submitted a sick call request, and on June 23, 2013, Plaintiff

was examined for complaints regarding the ordering of his medication and chest pain. ([42-2] at 69.)[4] On July 4, 2013, Plaintiff's Norvasc prescription was refilled. ([42-2] at 66-67.) On July 17, 2013, Plaintiff submitted a sick call request, and on July 18, 2013, Plaintiff was examined by a nurse practitioner. Plaintiff complained that he had sinus pressure and congestion for three weeks, and the nurse practitioner prescribed him Bactrim, an antibiotic. ([42-2] at 58-59.)

On August 13, 2013, medical professionals preformed a complete blood count test, a basic metabolic panel, and a liver panel on Plaintiff. ([42-2] at 53.) On August 22, 2013, during a dental examination, a medical professional noted that Plaintiff's sinus congestion had been treated. ([42-2] at 50.) On August 23, 2013, Dr. Yarbrough performed a chronic care examination on Plaintiff regarding his hypertension. ([42-2] at 47-48.) On September 7, 2013, a nurse practitioner again prescribed Claritin for Plaintiff. ([42-2] at 40.) On September 14, 2013, a nurse practitioner prescribed a nasal spray and a cold medication for Plaintiff. ([42-2] at 34.)

On October 1, 2013, a doctor performed a sick call follow-up examination on Plaintiff regarding his sinus congestion and determined that his sinus issues should continue to be monitored. ([42-2] at 31-32.) On November 8, 2013, a doctor attempted to examine Plaintiff, but Plaintiff had to be escorted from the exam room because he "became extremely disrespectful." ([42-2] at 23.) On November 10, 2013, Plaintiff was prescribed another cold medication. ([42-2] at 21.) On November 27, 2013, a doctor examined Plaintiff regarding complaints of swollen tonsils and Chest pain. The doctor prescribed Plaintiff an antibiotic and penicillin. ([42-2] at 13-14.) On December 17, 2013, Plaintiff informed his nurse, "I have a lawsuit against medical department. You all are gonna pay me." ([42-2] at 11.)

---

[4] Plaintiff also requested laboratory tests for HIV.

Plaintiff's claims are based on his allegations that Defendants delayed treatment for his sinus condition for nearly a month and denied him hypertension medication for two weeks. As previously mentioned, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *See Mendoza*, 989 F.2d at 195. Plaintiff has failed to make this showing. Based on the evidence before the Court, Defendant Buckhalter and other medical professionals at WCCF were treating Plaintiff's sinus congestion and hypertension. The record demonstrates that Defendants never refused to treat Plaintiff, ignored his complaints, or denied him medical treatment. To the contrary, medical professionals at WCCF assessed Plaintiff, consistently treated him, and provided him multiple medications. Specifically, medical professionals continually treated Plaintiff's hypertension with Norvasc and treated his sinus condition with antihistamines, antibiotics, penicillin, cold medications, and nasal sprays.

Additionally, Plaintiff has failed to establish that he suffered any substantial harm as a result of any delay in medical care. Plaintiff alleges that the delay in care caused him to suffer from panic attacks. Such discomfort, however, does not constitute substantial harm. *See Hood v. Montgomery County, Tex.*, 2013 WL 4875051, at * 13 (S.D. Tex. Sept. 11, 2013) (finding that a plaintiff's withdrawal symptoms, which included extreme anxiety and panic attacks, were not the kind of substantial harm that rises to the level of a constitutional violation.). Moreover, Plaintiff has failed come forward with any evidence supporting his allegations regarding panic attacks, and Plaintiff "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343.

Finally, Plaintiff has made no showing that CCA was deliberately indifferent to his

serious medical condition. *See Davidson*, 91 Fed. App'x. At 964.  Plaintiff has failed to present evidence that a medical professional found it medically necessary for him to see an outside specialist or that CCA denied such a recommendation.  Additionally, there is no supervisory or respondeat superior liability under Section 1983. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002).  Accordingly, CCA cannot be held responsible for Defendant Buckhalter's alleged improper medical treatment. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Likewise, Plaintiff has failed to demonstrate that CCA was independently involved in the alleged denial of adequate medical treatment, or that it implemented an unconstitutional policy that causally resulted in an injury to Plaintiff.  Moreover, the Court has determined that no medical professional at WCCF violated the Plaintiff's constitutional rights.  Therefore, Plaintiff has failed to establish a constitutional violation by CCA.

The record demonstrates that Defendants were not deliberately indifferent to Plaintiff medical needs, and Defendants are entitled to judgment as a matter of law.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [42] be GRANTED and
2. This action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 20th day of January, 2016.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge